## Charles Lange v. Joseph Kaiser.

*Practice: Evidence: Declining to rule on general offer to prove: Requiring questions to be put and ruled upon separately: Discretion.* It is within the discretion of the trial judge to decline to rule upon broad and general statements of counsel as to what he offers and proposes to prove

and to require questions to be put to be passed upon separately in the usual and customary manner.

*Charge to the jury: General exceptions: Several distinct propositions.* A general exception to the charge to the jury is insufficient where the charge is not confined to a single question, but covers several distinct and separate matters; in such case the exception must be special and point out the specific matter complained of.

*Labor performed: Implied promise to pay.* Where one has employed another to manufacture articles at an agreed price out of materials to be furnished by the former, the fact that he himself, without request, assists in the manufacture, will not raise an implied promise on the part of the other party to pay for such services.

*Submitted on briefs June 8.     Decided June 20.*

· Error to Wayne Circuit.

*Prentis & Fox,* for plaintiff in error, to the point that the law would imply a promise to pay for the labor performed by defendant for the plaintiff under the circumstances, cited: *Weston v. Davis,* 24 Me., 374; *Hertzog v. Hertzog,* 29 Penn. St., 465; *Abbott v. Herman,* 7 Greenl., 116; *James v. Bixby,* 11 Mass., 34; 7 Mich., 301; 8 Mich., 519.

*Jackson & Wisner,* for defendant in error.

MARSTON, J:

Kaiser brought assumpsit to recover a balance which he claimed to be due him for work and labor performed for Lange at his request.

I. After the plaintiff had introduced evidence tending to prove the amount due him, and had rested, the defendant was sworn and gave evidence in reference to certain payments. He also testified that on April 4, 1875, which was Sunday, he had some talk of settlement with plaintiff, when he was asked, "Did you pay him any money at that time?" This was objected to, whereupon defendant's attorney stated that he proposed to show that plaintiff received money on that day in full for the amount due him on his contract; that the balance claimed by plaintiff was paid him on that day. Thereupon the court stated to the attorney for defend-

ant, "I prefer you should ask your questions, and I will pass upon them;" to which the attorney for the defendant replied, "I have asked the question, and it has been passed upon. Now I suppose I have a right to state what I propose to show. It has always been customary to do that." The court again remarked, "I prefer you should ask the questions, and I will pass upon them separately." This defendant's attorney refused to do. The court sustained the objection, and counsel excepted.

While an offer made in this way frequently saves time which would otherwise be uselessly spent in attempting to prove facts considered by the court inadmissible, yet it is open to abuse, and it is clearly within the discretion of the court to refuse to permit counsel to make such an offer, and to insist upon the testimony being introduced or offered in the usual and customary manner. We think the course adopted by the court in this case was not only correct, but proper. The ruling of the court did not preclude defendant from proving just what he proposed to prove, but merely required him to proceed in the proper manner, by questioning the witness in reference to the alleged settlement. If counsel did not think proper to pursue this course, he cannot now be heard to complain.

II. There was no proper exception to the charge of the court upon which to base the fourth assignment of error. Had the charge been confined to a single question, then perhaps a general exception might, and probably would have been sufficient; but where the charge covers several distinct and separate matters, the exception should be special, and point out the particular matters complained of.

III. The work performed by plaintiff was the making of certain beer tubs out of materials furnished by defendant. Defendant gave evidence tending to prove that he assisted plaintiff in making the tubs. There was no evidence given by defendant tending to show that plaintiff had ever requested such assistance to be given, or that he had agreed to pay for the same. Now whatever the rule may

be as between strangers, where one performs valuable services for another, with his knowledge and assent, we think in cases like the present the relation existing between the parties precludes any implied promise to pay for such services, and that the charge of the court in this respect was correct.

IV. The court's explanation of defendant's third request to charge, as given, was proper, and could not have injured him.

There being no error, the judgment must be affirmed, with costs.

The other Justices concurred.